**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2026**

SYLVIE NYATO,

          Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 27, 2009    Decided: September 16, 2009

Before MOTZ, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Peter Nyoh, PETER NYOH AND ASSOCIATES, Silver Spring, Maryland, for Petitioner. Michael F. Hertz, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Jessica Segall, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvie Nyato, a native and citizen of Cameroon, seeks review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture. Nyato challenges the IJ's adverse credibility finding, as affirmed by the Board. For the reasons set forth below, we deny the petition for review.

We will uphold an adverse credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

Having reviewed the administrative record and the Board's decision, we find that substantial evidence supports the immigration judge's adverse credibility finding, as affirmed by the Board, and the ruling that Nyato failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 U.S.C. § 1158(b)(1)(B)(i), (ii) (2006) (providing that the burden of proof is on the alien to establish eligibility for asylum); 8

C.F.R. § 1208.13(a) (2006) (same). Because the record does not compel a different result, we will not disturb the Board's denial of Nyato's application for asylum, withholding of removal, and protection under the Convention Against Torture.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED